# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-911V
Filed: March 23, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JANETTE COLE, | * |
| | * |
| Petitioner, | *  Damages Decision Based on Proffer; |
| | *  Tetanus Diphtheria acellular Pertussis |
| | *  (Tdap) Vaccine; Shoulder Injury Related |
| SECRETARY OF HEALTH | *  to Vaccine Administration; SIRVA; |
| AND HUMAN SERVICES, | *  Special Processing Unit |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil, Esq.,* Muller Brazil, LLP, Philadelphia, PA for petitioner.
*Alexis Babcock, Esq.,* U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On September 26, 2014, Janette Cole filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she "suffered shoulder injuries which were caused in fact" by the Tetanus diphtheria acellular pertussis ["Tdap"] vaccination she received on December 27, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 11, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"]. On March 23, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $75,000.00 "which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)."

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Proffer at 1. Respondent also avers that petitioner is a competent adult, proof of guardianship is not required, and petitioner agrees to this proposed amount. *Id.*

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner, Janette Cole.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

        **s/Denise K. Vowell**
        Denise K. Vowell
        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                        )
JANETTE COLE,                           )
                                        )
       Petitioner,                      )
                                        )           No. 14-911V
v.                                      )           Chief Special Master Vowell
                                        )
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
       Respondent.                      )
_____)


## RESPONDENT'S PROFFER OF DAMAGES

**I.**    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $75,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees with this amount.

**II.**    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $75,000.00 in the form of a check payable to petitioner. Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

          RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

/s/ Alexis B. Babcock

ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-7678

Dated: March 23, 2015